UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRYAN QUESENBERRY,<br><br>    Plaintiff,<br><br>  v.<br><br>RSE CORPORATION,<br><br>    Defendant. | Case No. 23-cv-05020-TSH<br><br>**ORDER RE: GOVERNMENT'S NOTICE OF ELECTION TO DECLINE INTERVENTION**<br><br>Re: Dkt. No. 16 |

Plaintiff Bryan Quesenberry brings this complaint on behalf of the United States of America under the False Claims Act (FCA). The government has now filed a Notice of Election to Decline Intervention. ECF No. 16.

"The FCA authorizes a private person, known as a relator, to bring a qui tam civil action 'for a violation of section 3729 for the person and for the United States Government . . . in the name of the Government.'" *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1119 (9th Cir. 2007) (quoting 31 U.S.C. § 3730(b)(1)). "[T]he entire purpose of the FCA's qui tam provisions is to employ the help of individuals to uncover fraud against the government." *Id*. at 1126 (quoting *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 748 (9th Cir. 1993)).

The FCA sets forth threshold requirements for a relator to promptly notify the respective government agencies after filing a lawsuit. "If a relator initiates the FCA action, he must deliver a copy of the complaint, and any supporting evidence, to the Government, which then has 60 days to intervene in the action." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 769 (2000) (internal citations omitted); *see* 31 U.S.C. § 3730(b)(2), (4). "If the United States intervenes, the relator has 'the right to continue as a party to the action,' but the United States acquires the 'primary responsibility for prosecuting the action.'" *United States ex rel. Eisenstein*

1   *v. City of New York*, 556 U.S. 928, 932 (2009) (quoting 31 U.S.C. § 3730(c)(1)).  "If the

2   Government declines to intervene within the 60-day period, the relator has the exclusive right to

3   conduct the action, and the Government may subsequently intervene only on a showing of 'good

4   cause.'"  *Stevens*, 529 U.S. at 769 (internal citations omitted); *see* 31 U.S.C. § 3730(b)(4), (c)(3).

5       "The Ninth Circuit has held that if the government does not intervene, a relator must be

6   represented by legal counsel to prosecute an FCA case on behalf of the United States."  *Powelson*

7   *v. Wagner*, 2022 WL 21769730, at *3 (N.D. Cal. Apr. 20, 2022), *report and recommendation*

8   *adopted*, 2022 WL 3137932 (N.D. Cal. May 26, 2022) (citing *Stoner*, 502 F.3d at 1125-26; *United*

9   *States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004)).  "It has long been established that an

10  individual wanting to prosecute or defend an action in federal court must be represented by a

11  lawyer admitted to practice before that court, unless such individual is permitted to proceed pro se

12  under 28 U.S.C. § 1654 or other federal law."  *Stoner*, 502 F.3d at 1126.  In turn, 28 U.S.C. § 1654

13  provides that "[i]n all courts of the United States the parties may plead and conduct *their own*

14  *cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to

15  manage and conduct causes therein" (emphasis added).  *Stoner* determined that FCA "does not

16  transform a qui tam action into the relator's 'own case' for purposes of § 1654," rather, it

17  "effect[s] a partial assignment of the government's damages claim to the relator."  *Stoner*, 502

18  F.3d at 1126; *see Stevens*, 529 U.S. at 768.  "The FCA makes clear that notwithstanding the

19  relator's statutory right to the government's share of the recovery, the underlying claim of fraud

20  always belongs to the government."  *Stoner*, 502 F.3d at 1126 (citing 31 U.S.C. § 3730(c)).  For

21  that reason, "where the government chooses not to intervene, a relator bringing a qui tam action

22  for a violation of § 3729 is representing the interests of the government and prosecuting the action

23  on its behalf."  *Id*.  The Ninth Circuit thus held that "[b]ecause qui tam relators are not prosecuting

24  only their 'own case' but also representing the United States and binding it to any adverse

25  judgment the relators may obtain, we cannot interpret § 1654 as authorizing qui tam relators to

26  proceed pro se in FCA actions."  *Id*. at 1126-27.  The court explained that "strong policy

27  considerations" support this holding, as "[i]n cases as complicated as qui tam actions, a licensed

28  attorney is best equipped to present the complex legal and factual issues involved."  *Id*. at 1128.

United States District Court
Northern District of California

1    Under *Stoner*, because the federal government has declined to intervene, Plaintiff may not

2    continue to prosecute his FCA claim in federal court as a relator without legal counsel. *Stoner*,

3    502 F.3d at 1127; *Bruzzone v. Intel Corp.*, 2014 WL 12607802, at *1 (N.D. Cal. May 21, 2014)

4    ("It would be to the detriment of our country to have a pro se litigant without resources proceed on

5    behalf of the United States via a qui tam action. That ended forever Mr. Bruzzone's qui tam

6    action."). As such, Plaintiff's FCA claim must be dismissed unless he obtains counsel.

7    Accordingly, the Court **ORDERS** as follows:

8        1) If Plaintiff chooses to pursue his claim under the False Claims Act, he must obtain

9           legal counsel to appear on his behalf. Counsel shall file a notice of appearance by June

10          26, 2025. If counsel does not appear by June 26, the Court shall recommend Plaintiff's

11          FCA claim be dismissed.

12       2) Alternatively, Plaintiff may file a first amended complaint by June 26, 2025. If

13          Plaintiff chooses to file an amended complaint, he may not bring a claim under the

14          False Claims Act, and the complaint shall make no reference whatsoever to "relator,"

15          "qui tam," or the False Claims Act, or imply in any way that he is acting on behalf of

16          the United States. If the new pleading in any way suggests that he is acting on behalf

17          of the United States, the Court shall recommend the pleading be dismissed.

18       3) If Plaintiff chooses to proceed with his FCA claim through counsel or file an amended

19          complaint, he must comply with service requirements under Federal Rule of Civil

20          Procedure 4.

21          **IT IS SO ORDERED.**

22

23   Dated: June 2, 2025

24

25                                              THOMAS S. HIXSON
                                                United States Magistrate Judge
26

27

28